IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY ARCHIBEQUE,

    Plaintiff,

v.                                                                                    CV 10-0546 BB/WPL

DEPARTMENT OF PUBLIC SAFETY, et al.,

    Defendants.

### ORDER GRANTING MOTION TO STRIKE EXPERT WITNESS

Defendants Department of Public Safety, State of New Mexico Police Department, and Wayne Harvey ('State Defendants') filed a motion to strike Plaintiff Anthony Archibeque's expert witness, Terry Turner, on January 18, 2011. (Doc. 57.) The stated basis for the motion is that the expert disclosure was not timely and did not comply with Federal Rule of Civil Procedure 26. (*Id.* at 2.) To date, Archibeque has filed no response. I find that there is good cause for the motion and that Archibeque has consented to the motion being granted. *See* D.N.M.LR-Civ. 7.1(b). Accordingly, I will grant the motion.

Pursuant to the scheduling order, Archibeque was to make his expert disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2) no later than November 12, 2010. (Doc. 19.) Archibeque did not disclose an expert by that date. (Doc. 57 at 2.) On December 30, 2010, however, Archibeque sent a letter to the State Defendants indicating his intention to call Terry Turner as an expert witness as to the standards for the use of tasers. (Doc. 57 Ex. A at 2.) The letter stated, "I was just able to locate this expert witness who agreed to serve as an expert in this field, which is a relatively new field of expertise. I will have him provide his Vitae for your review. My

office can coordinate the taking of his deposition as well." (*Id.*) No written report was provided. (Doc. 57 at 2.)

A party intending to present expert testimony must disclose the identity of the witness to all other parties. FED. R. CIV. P. 26(a)(2)(A). The disclosure must be made at the time set by the court. *Id.* at 26(a)(2)(D). Where the expert is retained to provide expert testimony in a case, the disclosure must be accompanied by a written report that includes, among other things, a statement of all opinions that the witness will give and a statement of the witness's compensation for the testimony. *Id.* at 26(a)(2)(B).

If a party fails to disclose a witness, including an expert witness, or fails to provide the required report, that "party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Furthermore, where a party fails to obey a discovery order, a court may prohibit that party from introducing designated matters into evidence. *Id.* at 37(b)(2)(A)(ii). In the case of a violation of Rule 26(a), the evidence can only be admitted if the court finds that the violation was justified or harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (citing *Jones v. Lincoln Elec. Co.*, 188 F. 3d 709, 728 (7th Cir. 1999)). However, before striking a witness based on a violation of Rule 26(a), a court should consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

It is significant that Archibeque filed no response to the State Defendants' motion. Under this District's local rules, "The failure of a party to file and serve a response in opposition to a

motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).  Therefore, Archibeque has consented to the granting of the State Defendants' motion to strike his expert witness.

Though all parties have consented to the motion, I will independently determine whether Archibeque's failure to comply with Rule 26(a) was justified or harmless to safeguard the interests of justice.  Archibeque's improper disclosure was made forty-eight days after his deadline for expert disclosures, eighteen days after the Defendants' deadline for expert disclosures, and eighteen days prior to the close of discovery.  Based on the information before me, the disclosure was never supplemented by an expert report.  The delay and absence of a report were highly prejudicial to the Defendants.  *See Henderson v. Nat'l R.R. Passenger Corp.*, No. 09-2173, 2011 WL 14458, at *2 (10th Cir. Jan. 5, 2011) (describing the prejudice and disruption caused by the delayed disclosure of a supplemental expert report).  They were left with insufficient time to conduct discovery as to the expert and to retain a responsive expert.  Furthermore, the value and quality of whatever discovery they could have conducted would have been limited without the expert's report.  No action on the part of the Defendants could have remedied this prejudice.  In addition, Archibeque knew of the expert deadline.  It was discussed during the initial scheduling conference and set in the scheduling order.  (Doc. 19.)  Yet, he chose to ignore it.  He never requested an extension of time for expert disclosures or leave of the court to file a late disclosure.  Thus, three of the four factors weigh in favor of the exclusion of Archibeque's expert witness.

Archibeque has not argued that his late and improper disclosure was justified or harmless.  The harm to the Defendants from the delayed disclosure and absence of a report is explained above.  The only justification offered by Archibeque for the late disclosure was that the field of standard operating procedures for tasers is a relatively new field of expertise.  (Doc. 57 Ex. A at 2.)  He

offered no support for that statement and no explanation of how that fact caused the delay. Additionally, he offered no reason for his failure to provide an expert report.

Having considered the factors discussed in *Woodworker's Supply, Inc.* and *Jacobsen*, I find that Archibeque's failure was neither justified nor harmless. I order that Archibeque's expert, Dr. Terry Turner, be excluded as a witness at any hearing or trial in this case.

Because Archibeque has effectively consented to the motion being granted and has offered no justification for the failure to timely disclose the expert or provide an expert report, I would ordinarily order that the Plaintiff or his attorney pay the reasonable expenses incurred by the State Defendants in preparing and filing their motion to strike. *See* FED. R. CIV. P. 37(b)(2)(C) (mandating that expenses be awarded when a sanction is imposed for violating a discovery order, with limited exceptions); *id.* at 37(c)(1)(A) (permitting an award of expenses when a party violates Rule 26(a)). However, the Defendants' motion does not request fees, so I cannot order them under Rule 37(c). Furthermore, the motion does not recite that a good-faith request for concurrence was made. *See* D.N.M.LR-Civ. 7.1(a). Because the Defendants did not determine whether or not Archibeque opposed the motion prior to filing, I decline to impose an award of expenses to the State Defendants under Rule 37(b).

IT IS SO ORDERED.

                                                    /s/ William P. Lynch
                                                    William P. Lynch
                                                    United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.