# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY ARCHIBEQUE,

    Plaintiff,

v.                                                              CV 10-0546 BB/WPL

DEPARTMENT OF PUBLIC SAFETY, et al.,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL

Defendant Wayne Harvey has filed a Motion to Compel Plaintiff Anthony Archibeque to answer Harvey's first set of interrogatories and requests for production. (Doc. 68.) To date, Archibeque has filed no response. I find that there is good cause for the Motion and that Archibeque has consented to the Motion being granted. *See* D.N.M.LR-Civ. 7.1(b). Accordingly, I will grant the Motion.

Harvey mailed his first set of interrogatories and requests for production to Archibeque's counsel of record, Gilbert Vigil, on December 7, 2010. (Doc. 68 at 1; Ex. A.)[1] The responses to Harvey's discovery requests were due on January 6, 2011, but Archibeque did not submit any response. (Doc. 68 at 1.) Counsel for Harvey sent Mr. Vigil a letter on January 18, 2011 by facsimile requesting a response to the discovery requests by February 1, 2011.[2] (*Id.* at 2; Ex. B at 1.) The letter further stated that Harvey would file a motion to compel if he did not receive a response. (Ex. B at 1.) Harvey filed this Motion to Compel on February 9, 2011. (Doc. 68.)

---

[1] Unless otherwise indicated, all exhibits are attached to Doc. 68, Harvey's Motion to Compel.

[2] This constitutes Harvey's attempt to confer in good faith with Archibeque in an effort to obtain discovery without the court's involvement, as required by FED. R. CIV. P. 37(a)(1).

Archibeque had a total of seventeen days to respond to the Motion to Compel. *See* D.N.M.LR-Civ. 7.4(a); FED. R. CIV. P. 6(a).  He has not responded.[3]  His continuing silence constitutes consent to the motion being granted.  D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

A party is entitled to seek discovery as to "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  Propounded interrogatories and requests for production must be answered or responded to in writing within thirty days of service, and a response must be provided to each interrogatory and request.  FED. R. CIV. P. 33(b); FED. R. CIV. P. 34(b)(2).  Archibeque has not claimed that the requested materials are not relevant or that they are privileged.  Had Archibeque objected to any interrogatory or request for production, he was required to specify those objections in a timely fashion.  FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 34(b)(2)(C).  Because he did not timely object, he has waived any objections he might have raised.  FED. R. CIV. P. 33(b)(4).

Accordingly, I find that Archibeque was required to respond to Harvey's first set of interrogatories and requests for production, and I order that he respond fully within seven days.  Archibeque is warned that failure to comply with this Order could result in the imposition of sanctions.

Where a motion to compel is granted, the court generally must order the payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees."  FED. R.

---

[3] Despite the lack of response, Harvey did not file a notice of completion of briefing, which is required by D.N.M.LR-Civ. 7.4(e).

CIV. P. 37(a)(5). An order of payment is not required where the motion was filed prior to a good faith attempt to obtain discovery without court action, the nondisclosure was substantially justified, or "other circumstances make an award of expenses unjust." *Id.* None of these exceptions apply in the matter at hand. Thus, I will award Harvey his reasonable costs and attorney's fees incurred in preparing this Motion to Compel. Harvey's counsel is directed to submit an affidavit of his costs and fees within seven days of the filing of this Order.

The payment of these expenses can be required from either the party or the attorney. *Id.*; *see also M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 874 (10th Cir. 1987) (holding that a court must consider whether the fault lies with the parties or the attorney in imposing sanctions); *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984). Here, Mr. Vigil could not be expected to submit responses without the assistance and participation of his client. However, the discovery requests, letter, and motion were sent to Mr. Vigil, not his client, and Mr. Vigil never responded. I find that the fault for failing to respond lies both with Archibeque and Mr. Vigil. Therefore, I order that the expenses are the joint responsibility of Archibeque and Mr. Vigil and that the fees must be paid within one month of the filing of this Order.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.