IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**ANTHONY ARCHIBEQUE**,

        Plaintiff,

v.                                                                                          No. CIV 10-546 BB/WPL

**DEPARTMENT OF PUBLIC SAFETY, ET AL.**,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of the following motions: a partial motion to dismiss filed by Defendant Wayne Harvey (Doc. 59); a motion to dismiss by Defendants Department of Public Safety and State of New Mexico Police Department (Doc. 60); and a motion to dismiss filed by City of Albuquerque, Albuquerque Police Department, and Jesse Becton (Doc. 62). For the reasons set forth below, these motions will be granted, except that Defendant Becton's motion will be denied in part.

The Court initially notes that Plaintiff did not file a response to any of these motions. Under this District's local rules, such failure to respond constitutes consent to grant the motions. Loc. R. 7.1(b) (D. N.M. 2010). However, the Tenth Circuit has mandated that the local rule not be applied to summary-judgment motions that will result in dismissal of a case. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party."). Instead, the district court must examine the submissions of the moving party to ensure the party is entitled to summary judgment. *Id.* The same reasoning applies to motions to dismiss such as the ones at issue here – a case should not be dismissed simply due to the

plaintiff's failure to respond to a motion.[1]  Therefore, the Court will not simply grant the motions as a sanction for Plaintiff's failure to respond, but will ensure they are supported by the law as it is applied to the factual allegations of Plaintiff's complaint.[2]

**Standard of Review**

In considering a motion to dismiss, the Court must accept the factual allegations in the complaint as true and resolve all reasonable inferences in Plaintiff's favor.  *See Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir.1998).  Dismissal for failure to state a claim is not appropriate unless it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.*  (citations omitted).  As the Supreme Court and Tenth Circuit have recently discussed, however, in reviewing a motion to dismiss, this Court must look for plausibility in the complaint.  *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir.2007).  "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' "  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008).  The Court will address each of the motions separately, keeping the above standard in mind.

---

[1] The Tenth Circuit has pointed out that the failure to respond can lead to sanctions, including dismissal of the case, under extreme circumstances.  *See Reed v. Bennett, supra*, 312 F.3d at 1195.  Defendants have not asked for such a sanction, and the Court has therefore not addressed the issue in this opinion.

[2] The Court notes that Defendants have filed two motions for summary judgment in addition to these motions to dismiss, and that Plaintiff has failed to respond to those motions as well.  The Court will address those motions in a separate opinion, again examining the motions and submitted materials to determine whether summary judgment is legally and factually appropriate, in accordance with the Tenth Circuit's mandate.

**Discussion**

**Harvey Partial Motion to Dismiss:** Officer Harvey moves to dismiss the 42 U.S.C. § 1983 claims to the extent they are brought against him in his official capacity, arguing that official-capacity claims brought under § 1983 are not viable against state officials. This contention is correct; lawsuits against state officials sued in their official capacities are equivalent to lawsuits against the state itself, and the state is not a "person" subject to suit under § 1983. *See Ross v. The Board of Regents of The University of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010) (plaintiffs sued only agencies of the State of New Mexico and state employees in their official capacities, neither of which are "persons" for purposes of § 1983, and plaintiffs therefore failed to state a viable § 1983 claim).[3]

Officer Harvey also requests dismissal of Plaintiff's state-law spoliation-of-evidence claim, maintaining that New Mexico's Tort Claims Act ("TCA") does not waive immunity for such a claim. This contention is also correct. No waiver of immunity for spoliation of evidence is present in NMSA § 41-4-12, the TCA provision applicable to law enforcement officers such as Officer Harvey. Absent such a waiver, the claim may not be maintained against him. *See Roy v. Davis*, 08-CV-341, Doc. 66, Memorandum Opinion filed 6/03/2009 (unpublished).

For the foregoing reasons, Defendant Harvey's motion to dismiss will be granted.

**Department of Public Safety and State Police Department Motion:** These state agencies have moved to dismiss the claims brought against them in their entirety, raising arguments similar to those made by Defendant Harvey. First, they maintain they are not "persons" amenable to suit under § 1983. Second, they point out the TCA does not waive

---

[3]It should be noted that it is not clear from the amended complaint whether Defendant Harvey is in fact being sued in his official capacity. The amended complaint states that Defendants Harvey and Becton are being sued "individually in their official capacity." [Doc. 33, par. 9] To the extent this is an attempt to bring an official-capacity suit against Harvey, it will be rejected for the reasons stated.

immunity for claims of spoliation of evidence. These arguments are well taken, as discussed above, and this motion will be granted.

**Partial Motion to Dismiss Filed by City of Albuquerque, Albuquerque Police Department, and Jesse Becton ("City Defendants"):** These City Defendants request dismissal of the following claims: (1) the § 1983 claim brought against Defendant Becton in his official capacity; (2) the search and seizure portion of the § 1983 claim against Defendant Becton, to the extent it is based on the initial detention and arrest of Plaintiff; (3) the spoliation of evidence claim; and (4) the claim for punitive damages against the City, the Albuquerque Police Department ("APD"), and Defendant Becton in his official capacity.[4]

Defendants first point out that suing Defendant Becton in his official capacity is equivalent to suing the City, and since Plaintiff has named the City as a defendant, the official-capacity claim is redundant and should be dismissed. The Tenth Circuit has recognized that "[s]uing individual defendants in their official capacities under § 1983 ... is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). Thus, the official-capacity § 1983 claim brought against Defendant Becton is indeed duplicative of the § 1983 claim against the City, and will be dismissed on that basis.

The City Defendants next move to dismiss Plaintiff's illegal-search-and-seizure claim to the extent it is based on the initial stop and arrest of Plaintiff, up to the point Plaintiff was placed in Officer Harvey's patrol unit. The Court sees little point in parsing Plaintiff's claim in such a manner at the motion-to-dismiss stage. The City Defendants have filed a motion for summary

---

[4]Again, as was the case with Defendant Harvey, it is not entirely clear Plaintiff intended to sue Defendant Becton in his official capacity, as the phrase "individually in their official capacity" is inherently ambiguous. [Doc. 33, par. 9] Nevertheless, Defendants have addressed these possible claims and the Court will as well.

judgment that addresses Defendant Becton's actions throughout the entire encounter, and that is a more appropriate vehicle to use in determining his potential liability under § 1983. For that reason, this portion of the motion to dismiss will be denied.

The City Defendants attack the spoliation-of-evidence claim on the same ground advanced by Defendant Harvey and the state-agency Defendants: that immunity for such a claim has not been waived under the TCA. As discussed above, this is an accurate statement of the law. The spoliation claim, therefore, will be dismissed against these Defendants as it has been against the other Defendants.

The City Defendants' final argument is a contention that punitive damages may not be awarded against the City, APD, or Defendant Becton in his official capacity. There are no official-capacity claims remaining against Officer Becton, and the state-law spoliation claim will be dismissed, so the only remaining issue is whether punitive damages may be recovered from a municipal defendant under § 1983. The Supreme Court long ago established that such damages are not recoverable. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, should any § 1983 claim brought against the City or APD survive the City Defendants' motion for summary judgment, punitive damages will not be recoverable from those Defendants even if Plaintiff prevails at a trial.

**Conclusion**

Based on the foregoing, the motions to dismiss filed by Defendants will be granted, except that Defendant Becton's request to dismiss the search-and-seizure claim filed against him individually will be denied and will be addressed in the opinion concerning Defendants' motions for summary judgment.

**ORDER**

For the reasons stated above, it is hereby ORDERED that Defendants' motions to dismiss (Docs. 59, 60, 62) be, and hereby are, GRANTED, except that the motion to dismiss filed by City Defendants is GRANTED in part and DENIED in part.  This order completely disposes of the claims brought against Defendants Department of Public Safety and State of New Mexico Police Department, and  they are therefore dismissed from this action.  However, this dismissal is not a final, appealable decision, as claims remain to be resolved against the other Defendants.

Dated this 21st day of April, 2011.

_____
BRUCE D. BLACK
United States District Judge