IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY ARCHIBEQUE,

    Plaintiff,

vs.                                                    NO. CV 10-00546 BB/WPL

DEPARTMENT OF PUBLIC SAFETY, STATE OF NEW MEXICO POLICE DEPARTMENT, OFFICER WAYNE HARVEY, In his Individual and Official Capacity, CITY OF ALBUQUERQUE, ALBUQUERQUE POLICE DEPARTMENT, JESSE BECTON, In his Individual and Official Capacity, JOHN DOE DEFENDANTS, In their Individual and Official Capacity,

    Defendants.

## OFFICER HARVEY'S MOTION TO DISMISS FOR PLAINTIFF'S DISCOVERY VIOLATIONS

COMES NOW Defendant Officer Wayne Harvey, by and through his counsel of record, Park & Anderson, LLC (Alfred A. Park and Lawrence M. Marcus), and hereby moves this Honorable Court to Dismiss all claims against him as a sanction for Plaintiff's willful discovery violations. In support of this Motion, Officer Harvey states as follows:

### I.  BACKGROUND

This case arises out of an alleged stop by Officer Wayne Harvey of the New Mexico State Police Division, a division of the New Mexico Department of Public Safety, and Officer Jesse Becton of the Albuquerque Police Department on January 28, 2007. Plaintiff filed an Amended Complaint on September 27, 2011. Plaintiff's Amended Complaint seeks damages for alleged excessive force under the Fourth Amendment to the Constitution pursuant to 42 USC §

1983 (Count I), Unlawful Search and Seizure under the Fourth Amendment to the United States Constitution pursuant to 42 USC Section 1983 (Count II) and spoliation of evidence (Count III).

On December 7, 2010, Officer Harvey served his First Set of Interrogatories and his First Requests for Production on Plaintiff. Plaintiff never responded to these discovery requests. On January 18, 2011, as a result of Plaintiffs complete failure to respond to the properly propounded discovery requests, Officer Harvey sent a letter to Plaintiff's Counsel, Mr. Vigil, demanding a response to the discovery requests by February 1, 2011. Plaintiff never responded to this letter. Consequently, Officer Harvey had no choice but to file a Motion to Compel Discovery. Officer Harvey filed this Motion on February 9, 2011. Yet again, Plaintiff completely failed to file any response whatsoever to this Motion.

On April 7, 2011, Magistrate Judge Lynch entered an Order granting Officer Harvey's Motion to Compel and requiring Plaintiff to fully respond to the written discovery requests within seven (7) days. As a sanction, Judge Lynch Ordered Plaintiff to pay Officer Harvey the costs of filing the Motion to Compel. Significantly, Judge Lynch warned Plaintiff that if he failed to comply with his Order, it could result in the imposition of further sanctions. To date, Plaintiff has utterly failed to comply with Judge Lynch's Order and has never provided responses to Officer Harvey's written discovery requests. Moreover, on May 23, 2011, Plaintiff submitted a Pre-Trial Witness List that contained the names of four (4) previously undisclosed witnesses. Plaintiff's failure to respond to Officer's Harvey's proper written discovery coupled with his untimely disclosure of trial witnesses is extremely prejudicial to Officer Harvey's defense and warrant dismissal as a sanction.

## II.  STANDARD FOR MOTION TO DISMISS FOR DISCOVERY VIOLATIONS

It is well established that a district court has the power dismiss an action for discovery violations.  Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995).  The Tenth Circuit has established five factors a district court must consider prior to imposing the sanction of dismissal as a sanction.  Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  These factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely action for noncompliance; and (5) the efficacy of the lesser sanction."  Id; see also Garcia v. Berkshire Life Ins. Co of America, 569 F.3d 1174, 1178 (10th Cir. 2009).  It is important to recognize that "these factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  Ehrenhaus, 65 F.2d at 921.  In this case, when all of the factors are considered, it is clear that dismissal is the appropriate sanction.

## III.  ARGUMENT

A.  Officer Harvey's Defense has been Prejudiced

Officer Harvey's defense in this matter has been prejudiced by Plaintiff's willful discovery violations.  On May 23, 2011, Plaintiff filed with the Court Plaintiff's Trial Witness List.  This witness list disclosed for the very first time four (4) new, previously undisclosed witnesses.  These witnesses are Elaine Kapuscinski, Dr. R. Howdieshell, Dr. Dale Gunn and Dr. Pamela Arenella.  Plaintiff's Trial Witness List states that Elaine Kapuscinski will testify regarding her "rehabilitative efforts in assisting Plaintiff with job development; counseling and placement, and Plaintiff's effort to mitigate damages."  The Trial Witness List also states that Dr. R. Howdieshell is the Attending Physician at UNMH that treated Plaintiff following the arrest.

3

Dr. Dale Gunn is also identified regarding his treatment of Plaintiff for follow-up treatment and "scrotal ultrasound testing." Finally, Dr. Pamela Arenella is identified to testify regarding her psychiatric evaluation of Plaintiff. Significantly, none of these witnesses was identified in Plaintiff's Initial Disclosures, the Joint Status Report, Plaintiff's responses to the written discovery requests of the City of Albuquerque, or the Plaintiff's portion of the Pre-Trial Order.

In his Interrogatories, Officer Harvey asks Plaintiff to disclose all witnesses pertaining to his claim of excessive force (Interrogatory 5) and all witnesses regarding alleged psychological or emotional damages (Interrogatory 8). Had Plaintiff ever responded to these Interrogatories, he would have been required to identify the above-referenced witnesses. Plaintiff's failure to identify these witnesses prejudiced Officer Harvey's defense because he can no longer take their depositions or obtain rebuttal expert witnesses. Accordingly, this factor supports dismissal of Plaintiff's Amended Complaint as a sanction for discovery violations.

B. Plaintiff has Interfered with the Judicial Process

Plaintiff has intentionally interfered with the judicial process. Plaintiff's failure to comply with a direct court order, flouts the court's authority. See e.g. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). In Ehrenhaus, the Court concluded that the plaintiff's actions sufficiently interfered with the judicial process when Plaintiff willfully failed to comply with a direct court order. In this case, Plaintiff has completely failed to follow Judge Lynch's April 7, 2011 Order requiring him to fully answer Officer Harvey's Interrogatories and Requests for Production. Accordingly, this factor supports granting Officer Harvey's Motion and dismissing Plaintiff's case for discovery violations.

C. Plaintiff is Culpable

Plaintiff himself is culpable for not answering Officer Harvey's written discovery requests. Plaintiff has had over five months to respond to Officer Harvey's Interrogatories and Requests for Production. Plaintiff ignored these discovery requests no fewer than four times. He ignored them when they were initially propounded, he ignored them when a request was made for them to be answered, he ignored the Motion to Compel, and finally he ignored the Order of Judge Lynch. Yet during this time, Plaintiff had no trouble responding to Defendant City of Albuquerque's written discovery requests and in fact supplemented his responses. Clearly, Plaintiff is culpable for failing to respond to Officer Harvey's written discovery requests, and as such this factor supports the sanction of dismissal.

D. Judge Lynch Warned Plaintiff

Magistrate Judge Lynch warned Plaintiff that failure to comply with his Order and fully respond to Officer Harvey's Interrogatories and Requests for Production "could result in the imposition of sanctions." Judge Lynch Order Granting Motion to Compel, April 7, 2011, page 2. Despite this warning, Plaintiff refused to respond to Officer Harvey's written discovery requests. In Settle v. Brim, Magistrate Judge Puglisi noted that "if a party refuses to participate in the discovery process, and ignores Court orders, no other sanction other than dismissal will be effective to insure compliance with Court rules." 182 F.R.D. 635 (D.N.M. 1995). In this case, Plaintiff had ample opportunity to answer Officer Harvey's Interrogatories and Requests for Production, yet instead he decided to ignore Court rules and Judge Lynch's Order. Accordingly, this factor supports the Court dismissing the Amended Complaint.

E. A Lesser Sanction would be Ineffective

The final factor to be considered is the efficacy of a lesser sanction. In this case, it is clear that no lesser sanction would have an effect on Plaintiff. Judge Lynch's Order of April 7, 2011 not only Ordered Plaintiff to fully respond to Officer Harvey's written discovery requests, but to also pay as a sanction of the Officer Harvey's costs for filing the Motion to Compel. If this sanction did not get Plaintiff's attention, nothing will. The simple truth is that any lesser sanction other than dismissal will be ineffective. Accordingly, this factor also weighs in favor of granting the Motion to Dismiss for Discovery Violations.

## V. CONCLUSION

Plaintiff's discovery violations warrant the Court the sanction of dismissing his Amended Complaint. The undisputed facts are that Plaintiff's discovery violations have prejudiced Officer Harvey's defense, Plaintiff has willfully disregarded a direct Court Order, that he was was warned of potential sanctions and that lesser sanctions would not be effective. Accordingly, the Court should grant Officer Harvey's Motion to Dismiss for Discovery Violations.

Respectfully submitted,

PARK & ANDERSON, LLC

By **/s/ Alfred A. Park**
    Alfred A. Park
    Lawrence M. Marcus
    Counsel for Defendant Officer Wayne Harvey
    707 Broadway, N.E. Suite 202
    Albuquerque, New Mexico  87102
    (505) 246-2805

I hereby certify that a true and correct copy of the foregoing document was mailed to:

Gilbert J. Vigil
*Attorney at Law*
507 Roma Avenue, N.W.
Albuquerque, New Mexico  87102

Douglas E. Gardner
*Robles Rael & Anaya, P.C.*
500 Marquette Avenue, N.W. #700
Albuquerque, New Mexico 87102-5346

on this  25th  day of May 2011.

**/s/ Alfred A. Park**
Alfred A. Park