IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY ARCHIBEQUE,

        Plaintiff,

vs.                                        No. CV 10-00546 BB/WPL

DEPARTMENT OF PUBLIC SAFETY,
STATE OF NEW MEXICO POLICE
DEPARTMENT, OFFICER WAYNE
HARVEY, in his Individual and Official
Capacity, CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE DEPARTMENT,
JESSE BECTON, in his Individual and
Official Capacity, JOHN DOE DEFENDANTS,
In Their Individual and Official Capacity,

        Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT OFFICER WAYNE HARVEY'S
MOTION TO STRIKE WITNESSES, CITY DEFENDANTS' MOTION TO
STRIKE VARIOUS WITNESSES LISTED ON PLAINTIFF'S TRIAL
WITNESS LIST, AND OFFICER HARVEY'S MOTION TO DISMISS FOR
PLAINTIFF'S DISCOVERY VIOLATIONS**

        **COMES NOW** the Plaintiff, Anthony Archibeque, by and through his undersigned counsel of record, Gilbert J. Vigil, Esq., and for his Response to Defendant Wayne Harvey's Motion to Strike Witnesses (Document 111), City Defendants' Motion to Strike Various Witnesses Listed on Plaintiff's Trial Witness List (Document 113), and Officer Harvey's Motion to Dismiss for Plaintiff's Discovery Violations (Document 112) would respectfully show the Court as follows:

## INTRODUCTION

This matter is before the Court on three Motions filed by Defendants. In order to save the Court's time and judicial resources, and to avoid duplication of effort, Plaintiff is responding to all three of these Motions simultaneously.

Defendants have moved that the case be dismissed or in the alternative that certain witnesses be stricken, namely three physicians who treated Plaintiff relative to injuries sustained in the subject incident – Dr. R. Howdieshell, who works at UNM Hospital; Dr. Dale Gunn, who works at Lovelace Westside Hospital, and Dr. Pamela Arenella, who works at UNM Psychiatric Center -- as well as Elaine Kapuscinski, who is employed by Goodwill Industries.

As noted in Plaintiff's attorney's Affidavit, attached hereto as Exhibit A, and incorporated herein by this reference, Plaintiff's former co-counsel, Christina A. Vigil, first responded to Defendants' discovery requests when this case was in the state court. Plaintiff also gave Defendants a HIPAA release form so that they had access to all Plaintiff's medical records.

As more fully set forth in the attached Affidavit, in a telephone conversation with Alfred Park, Esq., attorney of record for Defendant Harvey, in which Plaintiff's attorney requested an extension of time to respond to said Defendant's discovery request, Mr. Park stated that he would not seek sanctions or attorney fees and that the discovery was not necessary for his case. Acting in reliance on that representation by Defendant's counsel, Plaintiff's counsel did not supplement his discovery.

### I. PLAINTIFF'S FAILURE TO TIMELY DISCLOSE THESE WITNESSES IS SUBSTANTIALLY JUSTIFIED AND/OR HARMLESS AND THE WITNESSES SHOULD NOT BE STRICKEN

**A. Plaintiff's failure to disclose these witnesses is substantially justified and harmless because Defendants were aware of the existence of these witnesses.**

Fed. R. Civ. P. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply evidence … at trial, *unless the failure was substantially justified or is harmless.*" (Emphasis added.) One medical provider, Dr. Rose was deposed by both defendants, which was discovered upon receipt of the HIPA release executed by Plaintiff. Plaintiff had already responded to one set of discovery. The medical records disclosed all health care professionals who treated Plaintiff at UNMH and at Lovelace as well.

The trial court has broad discretion in determining whether a Rule 26(a) violation is justified or harmless. *Guidance Endodontics, LLC v. Dentsply Intern., Inc.,* 80 Fed. R. Evid. Serv. 1532, 2009 WL 3672495 ¶3 (D.N.M. 2009).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the trial court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1996)).

In *Woodworker's Supply,* the Tenth Circuit Court of Appeals enunciated four factors to guide the district court in exercising its discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* at 993.

It is well-settled that the party violating Rule 26(a) has the burden of showing that the late disclosure is harmless or justified. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001), *cited in Forbes v. 21st Century Ins. Co.,* 258 F.R.D. 335, 338 (D.

Ariz. 2009). Here, that burden falls on the Plaintiff, and Plaintiff will show the Court that he meets that burden by applying the facts of this case to the *Woodworker's Supply* factors.

    1. <u>The prejudice or surprise to the party against whom the testimony is offered</u>.

The Defendants claim that they are surprised – and therefore prejudiced --  by the listing of these treating physicians on Plaintiff's witness list which was filed on May 23, 2011 (Document 109, re-filed on May 24, 2011, Document 110). (As of that date, neither Defendant had yet filed their witness list.) However, Defendants were aware as far back as the filing of the Provisional Discovery Plan and in response to the First Set of Interrogatories and Responses to Request for Production that Plaintiff intended to call his treating physicians because this was revealed in discovery already provided in the state court case.

Plaintiff has consistently listed "treating physician" and the treating facilities on every discovery response filed.

As shown in the attached Affidavit of Gilbert J. Vigil, Plaintiff had provided his medical records to Defendants, and the treating physicians' names are on those documents. Plaintiff also provided Defendants a HIPA release form so that they had access to any additional medical records.

Furthermore, in a telephone conversation between counsel for Plaintiff and counsel for Defendant Harvey, which occurred Attorney Park stated that he would not seek sanctions or attorney fees. Acting in reliance on that representation by Defendant's counsel, Plaintiff's counsel did not supplement his discovery. Having made this representation to Plaintiff, Defendant cannot now claim to be surprised or prejudiced by this witness list.

    2. <u>The ability of the party to cure the prejudice</u>. Assuming, *arguendo,* that there was

prejudice and that the prejudice was caused by the Plaintiff, Plaintiff's has agreed to make himself available to take depositions of any of the treating physicians at any time. However, as the physicians are being called as fact witnesses and not as expert witnesses, it is presumed that they will testify as set forth in the medical records that have already been provided, so there does not appear to be any need to take depositions before the trial.

    3. <u>The extent to which introducing such testimony would disrupt the trial</u>. There does not appear to be any reason why introducing such testimony would disrupt the trial. The testimony of these witnesses, as fact witnesses, would consist of their observation of the Plaintiff and the treatment they rendered as set forth in the medical records.

From the date Plaintiff's witness list was filed, May 23, 2011, until the date of this Response, June 3, 2011, Defendants have made no effort to coordinate depositions of these witnesses with Plaintiff. (*See*, Affidavit of Gilbert Vigil, attached.) Any disruption of the trial would be attributable to Defendants, not to Plaintiff.

    4. <u>The party's bad faith or willfulness</u>. Plaintiff submits that there was no bad faith or willfulness on his part in failing to respond to Defendant's discovery request and Motion to Compel. As more fully discussed in his Affidavit, counsel for Plaintiff was overwhelmed with responding to the nine Motions filed by the Defendants between January 28, 2011 and February 11, 2011, and neglected to respond to the discovery request.

It is certainly true that this Court has the broad discretion to invoke discovery sanctions, including striking or excluding witnesses. The Plaintiff respectfully requests the Court to allow him to present testimony from these witnesses. In *Gillum v. United States,* 309 Fed. Appx. 267, 270 (2009), the Tenth Circuit Court of Appeals stated that,

> We acknowledge the force of the district court's concerns that Mrs. Gillum's piecemeal disclosures ignored the policies behind Rule 26(a)(2). By no means

5

do we condone the provision of inadequate expert reports and begrudging snippets of information, and we caution that parties who behave in this manner act to their peril. Under the circumstances of this case, however, the total exclusion of Dr. Eckardt's testimony, which necessarily resulted in the grant of summary judgment for the United States, was too extreme a sanction.

Plaintiff submits that, although he was delinquent in answering Defendants' discovery requests, there was no prejudice or surprise to Defendants, the defect can be cured, there needs be no disruption of the trial, and Plaintiff did not act willfully or in bad faith. Therefore, the Defendants' proposed penalty striking the testimony of these witnesses is too severe a sanction, as it will amount to a summary judgment against Plaintiff.

**B. These witnesses are not offered as expert witnesses and therefore Plaintiff is not required to provide a written report of their opinions.**

Rule 26(a)(2)(A) of the Federal Rules of Evidence provides that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 (i.e., expert witnesses), and Rule 26(a)(2)(B) states that "this disclosure must be accompanied by a written report *if the witness is one retained or specially employed to provide expert testimony in the case.*" (Emphasis added.)

None of these witnesses are being offered as expert witnesses. The physicians are being called simply to offer evidence as to their treatment of Plaintiff, and Ms. Kapuscinski will testify as to Plaintiff's training and placement as a barber.

Plaintiff has already provided his medical reports and HIPAA release to Defendants; no other reports exist or are necessary.

**C. All the parties failed to timely file their Witness Lists and said failure was harmless.**

While Plaintiff agrees that his Witness List was not submitted within the 30 days agreed

to in the Pretrial Order, Plaintiff would point out that neither Defendant filed their witness lists within those 30 days. Defendant Becton filed his witness list on May 17, 2011 (Document 102) and Defendant Harvey filed his on May 20, 2011 (Document 106). By filing their witness lists late, Defendants should be precluded from complaining of Plaintiff's late filing. Furthermore, the Trial Notice dated March 31, 2011 (Document 72) states that witness lists must be filed within fourteen working days of trial, and, since the trial date has been moved from June 6, where it was on the trailing docket, to June 20, the tardiness of all the parties appears to be harmless.

The case of *Atencio v. City of Albuquerque,* 911 F.Supp. 1433 (D. N.M. 1995), does not operate to strike Plaintiff's witnesses. In that case, the existence of a witness was disclosed a mere two days before trial. Here, the witnesses were disclosed on May 23, for a trial date of June 20. To strike Plaintiff's witnesses would cause "manifest injustice" to Plaintiff, especially since, as argued above, Plaintiff has met the four criteria set forth in *Woodworker's Supply.*

In addition, Plaintiff submits that his witnesses should not be stricken for failure to abide by this Order because, as argued above, Defendants were aware of the existence of these witness and therefore the error in not disclosing them properly was harmless.

## II. PLAINTIFF'S CASE SHOULD NOT BE DISMISSED BECAUSE DISMISSAL IS AN EXTREME SANCTION APPROPRIATE ONLY IN CASES OF WILLFUL MISCONDUCT.

The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery.  *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992)

Under the case law of the Tenth Circuit, that determination is made by the trial court using the factors set forth in *Ehrenhaus:*  "(1) the degree of actual prejudice to the defendant; (2)

the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance and (5) the efficacy of lesser sanctions." *Id.* at 921.

"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.*

(1) <u>The degree of actual prejudice to the Defendants</u>. Defendants are not prejudiced by Plaintiff's disclosure of trial witnesses. As argued above, Defendants were on notice that Plaintiff intended to call his treating physicians as witnesses. Defendants were given HIPAA release forms and could have made arrangements to speak to the physicians at any time prior to the end of discovery. In fact, when undersigned counsel requested concurrence from opposing counsel both after consulting with their clients refused to provide concurrence. This is documented in letters to both counsel.

(2) <u>The amount of interference with the judicial process</u>. The *Ehrenhaus* court interpreted this to mean a willful failure to comply with a direct court order, and speaks of flouting the court's authority. In that case, Mr. Ehrenhaus "simply and intentionally refused to appear" for his scheduled deposition. In this case, however, Plaintiff's failure to comply with the discovery order not intentional and was based at least in part on the representation that Defendant Harvey did not need the requested material and did not intend to enforce any sanctions against Plaintiff.

(3) <u>The culpability of the litigant</u>. Plaintiff admits that he did not follow through with discovery, but states that this was not intentional. (*See,* Affidavit of Gilbert J. Vigil, attached.)

(4) <u>Whether the Court warned the party that dismissal would be a likely sanction for</u>

noncompliance. The Order dated April 7, 2011, (Document 81) granting Defendant Harvey's Motion to Compel did not specifically warn that dismissal would be a likely sanction for noncompliance, although it did state that sanctions would be applied.

(5) The efficacy of lesser sanctions. Plaintiff submits that lesser sanctions would be effective and sufficient. "The purpose of sanctions is not only to compensate innocent parties for the discovery abuses of opponents. Its primary function is to deter the offending party -- and, by that example, all other litigants -- from violating the rules in the future." *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Plaintiff is clearly not going to violate the discovery rules in the future. The monetary sanctions already in place are sufficient to deter him from further violation of the rules.

(6) Other factors. In addition to the *Ehrenhaus* factors, the Court will also look at the willfulness and/or bad faith of the offending party. As the Tenth Circuit Court of Appeals held in *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995), "[b]ecause of the harshness of dismissal, however, due process requires that the discovery violation be predicated upon "willfulness, bad faith, or [some] fault of petitioner," rather than inability to comply. Citing, *National Hockey League,* 427 U.S. at 640, 96 S.Ct. at 2779 (quoting *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255).

The cases where a trial court's dismissal of a case for lack of cooperation with discovery matters has been upheld deal with egregious, intentional conduct on the part of the party at fault. For example, in *Chavez v. City of Albuquerque,* 402 F.3d 1039 (10th Cir. 2005), the plaintiff lied in his deposition and committed perjury at trial, and in *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995), the plaintiff was found to given "false and misleading answers on a continual basis" during the discovery process.

9

In contrast, in a case where it was apparent that the plaintiff's failure to answer interrogatories or to seek enlargement of time to answer or to file timely objections was brought about by counsel's preoccupation with another aspect of the case, a request for dismissal because of such failure was denied. *Maurer-Neuer, Inc. v. United Packinghouse Workers,* 26 F.R.D. 139 (D.Kans. 1960)

That case is analogous to the instant case – as shown in the Affidavit attached, Plaintiff's counsel was preoccupied with responding to the nine Motions filed by the Defendants. At no time was Plaintiff's lack of response to the discovery requests willful, and Plaintiff's counsel specifically states that he did not "decide to ignore Court rules and Judge Lynch's Order," as Defendant Harvey asserts in his Motion to Dismiss at page 5.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Defendants' Motions to Strike Witnesses and to Dismiss this case be DENIED, and for such other and further relief to which he may appear to be entitled.

Respectfully submitted,

/s/ Gilbert J. Vigil_____
GILBERT J. VIGIL, ESQ.
Attorney for Plaintiff
1615 Central Avenue, NW
Albuquerque, NM  87104
505-842-1796
505-242-8564 fax

I hereby certify that a true and accurate copy of
the foregoing pleading was electronically served
to Al Park, Cadigan & Park, and Luis Robles,
Robles, Rael & Anaya, on this \_\_\_\_\_ day of

June, 2011.


/s/ Gilbert J. Vigil_____
GILBERT J. VIGIL, ESQ.