**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTHONY ARCHIBEQUE,

Plaintiff,

v. CV 10-0546 BB/WPL

DEPARTMENT OF PUBLIC SAFETY, et al.,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Defendant Wayne Harvey's Motion to Dismiss based on Plaintiff Anthony Archibeque's failure to respond to discovery requests and to comply with a court order. (Doc. 112.) Archibeque brought this action against the Department of Public Safety, the State of New Mexico Police Department, Officer Wayne Harvey, the City of Albuquerque, the Albuquerque Police Department, and Officer Jesse Becton seeking compensatory and punitive damages based on claims of unlawful search and seizure, excessive use of force, and spoliation of evidence. (Doc. 37.) Due to the proximity of the trial setting, I ordered expedited briefing on the Motion. (Doc. 121.) Archibeque did not respond by the June 3, 2011 deadline. After Officer Harvey filed his Notice of Completion of Briefing (Doc. 133) and ten days after it was due, Archibeque filed a Response (Doc. 139). Within twenty-four hours, Officer Harvey submitted a Reply (Doc. 141) and a Notice requesting oral argument on the Motion (Doc. 142). After considering the pleadings and the relevant law, I conclude that all relevant factors support dismissal with prejudice. Accordingly, I recommend that this case be dismissed with prejudice pursuant to Federal Rules of Civil Procedure

37 and 41.

## BACKGROUND

This case arises from a January 28, 2007 traffic stop that progressed to an arrest. The circumstances of the underlying incident and Archibeque's claims have been detailed in other court orders. (*See* Docs. 89 & 119.) The case was removed to federal court on June 4, 2010 (Doc. 1.) Several of Archibeque's claims have already been resolved as a matter of law pursuant to Motions to Dismiss and a Motion for Summary Judgment. (*See* Docs. 89, 93 & 115.) The sole remaining claim is for excessive use of force, and the sole remaining Defendants are Officers Harvey and Becton. (Doc. 116 at 16.)

The Motion now before me is based on the lack of response to Officer Harvey's First Set of Interrogatories and First Requests for Production. Officer Harvey served Archibeque with those documents on December 7, 2010. (*See* Doc. 81 at 1.) After the due date passed, Officer Harvey attempted to contact Archibeque regarding the missing discovery responses; he never received a response. (*See id.*) On February 9, 2011, Officer Harvey filed a Motion to Compel. (Doc. 68.) Archibeque did not respond. (*See* Doc. 81 at 2.)

I granted Officer Harvey's Motion to Compel on April 7, 2011. (*Id.*) I provided Archibeque with seven days to respond to Officer Harvey's discovery requests. (*Id.*) I warned that "failure to comply with this Order could result in the imposition of sanctions." (*Id.*) This Motion to Dismiss was filed on May 25, 2011, over five weeks after Officer Harvey should have received Archibeque's discovery responses. Archibeque still has not responded to the discovery requests.

Significantly, the trial in this matter is set to begin on June 20, 2011. (Doc. 119.) Until May 26, 2011, though, the trial was set for June 6. Officer Harvey has received no response to his only interrogatories and requests for production to enable him to prepare for the impending trial in this

matter. Moreover, Archibeque's Pre-Trial Witness List included four individuals who had not previously been disclosed. (Doc. 112 at 2.) A separate motion is pending before the Court to strike those witnesses for failing to disclose them as required by the Federal Rules of Civil Procedure and the Court's order. (Doc. 113.)

Although Archibeque responded to the Motion to Dismiss now before me, he filed his Response ten days after the court-ordered deadline. (*See* Doc. 121; Doc. 139.) I ordered expedited briefing because the trial date in this matter is quickly approaching. (Doc. 121.) Archibeque never informed me that he would not be able to comply with the expedited briefing schedule and he did not request an extension of time to respond to the Motion to Dismiss. He has previously been admonished for filing late responses. (*See* Doc. 93.) Moreover, he filed the Response only after Officer Harvey's Notice of Completion of Briefing, in which Officer Harvey argued that Motion should be granted because the failure to file a response opposing a motion constitutes consent to grant the motion.[1] (Doc. 133 at 2 (quoting D.N.M.LR-Civ. 7.1(b)).) Though I certainly have the discretion to disregard the Response, Officer Harvey has already replied and the additional pleadings do not alter the legal analysis.

In substance, Archibeque's Response fails to address much of why Officer Harvey contends that dismissal is warranted. Archibeque alleges that, when contacted to request an extension of time to submit responses, counsel for Officer Harvey advised that he would not seek sanctions and that the discovery was not necessary for his case. (Doc. 139 at 2.) For that reason, he explains, he did not respond to the discovery requests. He further states that his counsel, Mr. Vigil, was preoccupied with

[1] Dismissal cannot be ordered simply because the other party failed to file a responsive pleading. *See Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986)). Rather, it may only be ordered where a lesser sanction fails to serve the interests of justice. *Id.*

responding to a number of other motions filed by the Defendants. (*Id.* at 10.) He neither addresses his failure to comply with my Order Granting the Motion to Compel (Doc. 68) nor his failure to comply with my Order Expediting Briefing (Doc. 121). Furthermore, he extensively references an affidavit prepared by his counsel, which is not attached to the Response. (Doc. 139 at 8.)

In reply, Officer Harvey alleges that Archibeque misrepresented the conversation between the parties. Officer Harvey asserts that, in the referenced conversation, his counsel advised "that Mr. Vigil did not have to pay the $90.00 fine [imposed by the Order Granting the Motion to Compel]." (Doc. 141 at 2.) Officer Harvey further asserts that he at no time communicated that he no longer sought responses to his discovery requests. (*Id.*)

Notably, this is not the first time that Archibeque has failed to comply with court orders, the Federal Rules of Civil Procedure, or the District's Local Rules. Repeated problems have arisen regarding the filing of responsive pleadings. In addition to his Response to this Motion to Dismiss, Archibeque filed five responses to dispositive motions and two responses to motions in limine between five and seven weeks after their due dates. (*See* Docs. 73, 75-80; *see also* Doc. 93.) As with his Response to this Motion to Dismiss, Archibeque at no point requested the Court's permission to file late responses. (*See* Doc. 93 at 1.) In addition to late pleadings, Archibeque has struggled on occasion with the filing system, filing entirely incorrect documents (*see* Doc. 129) and failing to file an attachment discussed in his pleading (*see* Doc. 141).

Archibeque also failed to comply with Federal Rule of Civil Procedure 26(a)(2) and my order regarding the disclosure of expert witnesses. (*See* Doc. 71 at 1-2.) Archibeque neither revealed an expert witness by the date set in the Scheduling Order nor provided the requisite documentation about the expert. (*Id.*) I ordered that Archibeque's expert witness be excluded as a sanction for that misconduct. (*Id.* at 4.)

During one deposition, the parties were forced to contact my chambers due to Mr. Vigil's conduct. (*See* Doc. 52; Doc. 141 at 5.) Mr. Vigil was accused of making lengthy speaking objections repeatedly in the course of the deposition. (Doc. 52.) The Court instructed Mr. Vigil to keep any objections brief and to allow the witness to answer the questions. (*Id.*) Such speaking objections violate the instructions included in Federal Rule of Civil Procedure 30(c)(2).

Officer Harvey's Reply mentions one additional issue related to the taking of depositions. Officer Harvey alleges that Archibeque and Mr. Vigil arrived thirty minutes late for the commencement of Archibeque's deposition and then returned thirty minutes late after the lunch break. (Doc. 141 at 4.) He submits that Mr. Vigil also arrived over an hour late for the deposition of another witness. (*Id.*) Furthermore, he states that Archibeque failed to secure a Court Reporter for his deposition of one of the Defendants' expert witnesses, which forced the parties to re-schedule. (*Id.*)

Finally, Officer Harvey contends that Archibeque's exhibit list does not comply with the Court's Order in that it does not specifically state any exhibits. (*Id.* at 5; *see also* Doc. 131.) Instead, it incorporates the exhibits provided in his initial disclosures and the Pre-Trial Order; however, the Pre-Trial Order does not list any exhibits. (Doc. 141 at 5; *see also* Docs. 100 & 131.) Officer Harvey has filed a separate objection to Archibeque's exhibit list, requesting that the Court strike the exhibit list. (Doc. 135.)

## LEGAL STANDARDS

The court is vested with the authority to impose sanctions, including involuntary dismissal, for a party's failure to comply with court orders and discovery obligations set by local and federal procedural rules. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citation omitted). Under Federal Rule of Civil Procedure 37(b), a party may be sanctioned for failing to obey an order

to provide or permit discovery. One possible sanction is the partial or complete dismissal of the case. FED. R. CIV. P. 37(b)(2)(A)(v). Federal Rule of Civil Procedure 41(b) also vests the court with discretion to dismiss an action if the plaintiff fails to prosecute or to comply with the rules or a court order. *Mobley v. McCormick*, 40 F.3d 337, 340 n.1 (10th Cir. 1994). Such a dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

A sanction imposed by the court for a discovery violation must be "both just and related to the particular claim which was at issue . . . ." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)) (internal quotation marks omitted). The dismissal of a case with prejudice "should be used as a weapon of last, rather than first, resort." *Id.* (quotation omitted) (internal quotation marks omitted). Because dismissal is an extreme sanction, it is only appropriate where there is some "willfulness, bad faith, or . . . fault of petitioner." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotation omitted). Before dismissing a complaint, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations and quotation marks omitted). The determination of whether dismissal is an appropriate sanction is a highly fact-specific inquiry. *Id.* at 920.

**ANALYSIS**

In this case, Archibeque failed to provide discovery responses and failed to comply with two separate court orders: the Order Granting the Motion to Compel and the Order Expediting Briefing. Thus, sanctions are available pursuant to Rules 16(f) and 37(b). Officer Harvey has requested that

the Court resort to the extreme sanction of involuntary dismissal and has alternatively filed a motion to strike the witnesses that were not previously disclosed. Archibeque argues that his conduct in this litigation does not warrant the imposition of such an extreme sanction. (Doc. 141 at 7-8.) Recognizing that dismissal is only warranted when the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits[,]" *Ehrenhaus*, 965 F.2d at 921, I will analyze each of the *Ehrenhaus* factors.

1. *Prejudice*:

Officer Harvey argues that he has been prejudiced by Archibeque's failure to disclose the names of four witnesses who will testify regarding Archibeque's medical and psychological treatment and his efforts to mitigate damages. (Doc. 112 at 3.) He contends that he propounded questions in his interrogatories regarding the identity of all witnesses and that, had Archibeque responded, Officer Harvey would have had the opportunity to depose the witnesses and to obtain rebuttal witnesses. (*Id.* at 4.) Archibeque asserts that Officer Harvey was not prejudiced because (1) he was "on notice that Plaintiff intended to call his treating physicians as witnesses[;]" (2) he was given HIPAA release forms; and (3) he could have made arrangements to speak with the physicians any time prior to the end of discovery. (Doc. 139 at 8.) Officer Harvey counters that a generic identification of treating physicians was insufficient and that Archibeque had at least four opportunities to identify these specific witnesses. (Doc. 141 at 3.)

The prejudice to a party by the opposing party's complete failure to provide responses to discovery requests is somewhat self-evident. The purposes of discovery include providing the parties with information essential to properly litigate all relevant facts, eliminating unfair surprise, and allowing for effective cross-examination at trial. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Thus, a party is required to respond in some manner to all discovery requests.

Archibeque failed entirely to respond to Officer Harvey's first set of interrogatories and requests for admission. Archibeque's implicit accusation that Officer Harvey did not want or need discovery responses is clearly negated by the record. Officer Harvey demanded Archibeque's responses by serving the interrogatories and requests for production, through a letter, and finally by filing a Motion to Compel. (*See* Doc. 68 Ex. B; Doc. 68.) In fact, even the Pretrial Order, filed April 27, 2011, notes that Archibeque failed to respond to Officer Harvey's discovery requests. (Doc. 100 at 24.) It specifically states that the Motion to Compel was granted and that no responses had yet been provided. (*Id.*) Certainly, Officer Harvey expected Archibeque to respond to the discovery requests.

Furthermore, Officer Harvey has pointed to four specific witnesses who were not revealed until Archibeque filed his witness list on May 24, 2011. (*See* Doc. 110; Doc. 112 at 3-4.) Archibeque's claim that his generic indication of witnesses was sufficient to reveal the specific treating physicians who would testify is unavailing; Officer Harvey requested the precise identity of those with information about Archibeque's damages and treatment in the propounded interrogatories. As a result of Archibeque's failure to respond, Officer Harvey did not depose the witnesses. Because trial is imminent, Officer Harvey is unlikely to have an opportunity to depose the witnesses or to gather pertinent facts about them, their relationship with Archibeque, and their opinions of Archibeque's damages and injuries. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) ("[I]t is evident the Defendants suffered prejudice in preparing for trial without the opportunity to depose the Plaintiffs."). Archibeque's failure to provide discovery impedes Officer Harvey's ability to learn the testimony that Archibeque intends to introduce against him at trial. *See United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars and Fifty-Eight Cents*, 938 F.2d 433, 440 (3d Cir. 1991) (finding prejudice where a party

did not provide discovery).

While Archibeque's failure to respond did not delay the case, Officer Harvey incurred attorney's fees in filing motions due to the failure. *See Ehrenhaus*, 965 F.2d at 921 (finding prejudice based on delay and mounting attorney's fees). This factor weighs in favor of dismissal.

2. *Interference with the Judicial Process*:

Officer Harvey argues that Archibeque intentionally interfered with the judicial process and flouted the court's authority by failing to comply with my Order Granting the Motion to Compel. (Doc. 112 at 4.) Archibeque admits that he failed to comply with the discovery order, but contends that his failure was "not intentional and was based at least in part on the representation that Defendant Harvey did not need the requested material and did not intend to enforce any sanctions against Plaintiff." (Doc. 139 at 8.) In replying to this statement, Officer Harvey states that "this assertion is completely false." (Doc. 141 at 4.) Officer Harvey also directs attention to the multiple failures by Archibeque to comply with court orders and rules to support his contention that Archibeque has interfered with the judicial process throughout this litigation.

I agree with Officer Harvey that Archibeque has caused significant interference with the judicial process by failing to provide discovery responses, by failing to comply with two court orders, and by failing repeatedly to timely respond to the Defendants' motions. As stated in *Ehrenhaus*, willful failure to comply with a direct court order flouts the court's authority and interferes with the orderly administration of justice. 965 F.2d at 921. In this case, Archibeque was directly ordered to submit discovery responses, he was aware of the order, and he did not comply. He was directly ordered to submit an expedited response based on the proximity of trial; he again did not comply and instead filed his Response ten days after it was due and three days after Officer Harvey's Reply was due. He has a history of failing to comply with court orders and the Federal and

Local Rules of Civil Procedure. Archibeque greatly interfered with the judicial process, and so this factor favors dismissal.

3. *Culpability of the Litigant*:

Officer Harvey asserts that Archibeque is himself culpable because he failed to respond to the discovery request for over five months. (Doc. 112 at 4.) Archibeque admits his culpability for failing to respond to discovery requests, but reasserts that the failure "was not intentional." (Doc. 139 at 8.) Officer Harvey argues that intentionality is evidenced by the fact that Archibeque ignored requests, demands and orders to serve responses at least four times. (Doc. 141 at 5.) He further notes that Archibeque did respond to the written discovery requests of other Defendants during that time. (*Id.* at 6.)

The culpability of the litigant is more difficult to discern than the two previous factors. There is no doubt that Archibeque had multiple opportunities to respond, was ordered to do so, and at no point prepared or served responses. There is no question that Archibeque again failed to comply with a court order and submitted his eighth late response in this case when he responded to the Motion to Dismiss. The issue, then, is whether this course of misconduct was intentional on the part of Archibeque himself. The Tenth Circuit has "upheld dismissals and defaults where the parties themselves neglected their cases or refused to obey court orders, or where counsel engaged in deliberately dilatory tactics or other trial strategy intended to inure to the benefit of the client." *Davis v. Miller*, 571 F.3d 1058, 1063 (10th Cir. 2009) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464-65 (10th Cir. 1988)). It has "reversed dismissals and defaults . . . where inadvertence or simple neglect were the basis of the court's decision." *Id.*

In distinguishing between these circumstances, it is important to separate the conduct of a litigant's attorney from that of the litigant himself. *See F.D.I.C. v. Daily*, 973 F.2d 1525, 1531 (10th

Cir. 1992) (quoting *In re Baker*, 744 F.2d 1438, 1442 (10th Cir.1984)) ("If the fault lies with the attorneys, that is where the impact of sanction should be lodged."). At some point, though, a client becomes bound by his lawyer's representation. *Id.* This occurs "when the lawyer (or the client) makes a tactical decision and his noncompliance with the court's directive is not a product of inadvertence." *Id.* (quoting *Smith v. United States*, 834 F.2d 166, 171 (10th Cir. 1987)). Thus, I must determine whether the course of conduct in this case results from Mr. Vigil's inattention or from his deliberate strategy. *Id.*

I find that Mr. Vigil's conduct demonstrates that he deliberately failed to provide the required discovery. Though he asserts that his conduct was unintentional, Mr. Vigil clearly states that he knew the discovery responses had not been provided and that he deliberately and intentionally decided not to provide them. He attempts to explain this decision by claiming that counsel for Officer Harvey told him the discovery was unnecessary, though counsel disputes that assertion. Even in the unlikely scenario that Officer Harvey stated that he did not need a response, Archibeque was court ordered to provide the discovery. Officer Harvey had no power to release Archibeque from that obligation; only I could vacate the Order Granting the Motion to Compel and the requirement that Archibeque provide discovery responses within seven days. Mr. Vigil chose not to provide a discovery response as required by my Order, and he instead spent his time working on other aspects of this case.

This continuing and deliberate decision not to provide discovery or to comply with a court order was just one aspect of Mr. Vigil's misconduct during this litigation. This single aspect demonstrates that Mr. Vigil made a strategical decision to disregard a court order and spend his time elsewhere. It was not mere inadvertence or neglect on the part of Mr. Vigil. Because this was a tactical decision, it is binding on Archibeque. I therefore conclude that Archibeque is culpable for

the misconduct at issue.

4. *Notice*:

Officer Harvey states that the warning given to Archibeque in my Order Granting the Motion to Compel was sufficient to provide notice that the case could be dismissed. (Doc. 112 at 5.) Archibeque correctly describes that the Order Granting the Motion to Compel "did not specifically warn that dismissal would be a likely sanction for noncompliance, although it did state that sanctions would be applied." (Doc. 139 at 9.) He does not address the sufficiency of that notice.

"Notice is not a prerequisite for dismissal under *Ehrenhaus*." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149 (10th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (upholding dismissal predicated upon trial court's inherent authority and stating that "absence of notice as to the possibility of dismissal . . . [does not] necessarily render such a dismissal void.")); *Archibeque v. Atchinson, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (affirming dismissal pursuant to *Ehrenhaus* test despite absence of warning about imminent dismissal)); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009). Notice is an important factor, however, and constructive notice has been held to be sufficient to support dismissal. *Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1149-50; *Ehrenhaus*, 965 F.2d at 921 (finding notice satisfied where the court orally invited the defendant to file a motion to dismiss if plaintiff failed to attend a deposition). Furthermore, the motion to dismiss itself may be sufficient to provide notice. *See Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987) (notice for imposition of Rule 11 sanctions sufficient if it comes from the party seeking sanctions).

Here, I explicitly warned Archibeque that "failure to comply with this Order could result in the imposition of sanctions." (Doc. 81 at 2.) I did not, however, expressly mention involuntary dismissal. Thus, the warning issued to Archibeque in this case was not direct. Archibeque did

receive constructive notice of the possibility of dismissal; sanctions for failure to comply with a discovery order arise under Federal Rule of Civil Procedure 37(b), and one of the available sanctions is dismissal. Archibeque was further advised that dismissal was a possibility when Officer Harvey filed his Motion to Dismiss based on discovery violations and failure to comply with a court order. Therefore, this factor weighs slightly in favor of dismissal.

5. *Lesser, Alternative Sanctions*:

Officer Harvey urges that no lesser sanction will be effective to penalize and deter Archibeque because the monetary sanction entered in my previous Order did not produce a response. (Doc. 112 at 6.) Archibeque, on the other hand, submits that the already imposed sanctions are sufficient to deter future violations of the rules because he "is clearly not going to violate the discovery rules in the future." (Doc. 139 at 9.) In reply, Officer Harvey notes the continuing course of conduct by Archibeque in failing to provide the discovery responses and in failing to obey court orders even after the monetary sanction was imposed. (Doc. 141 at 6.) He also points to the alleged misstatements in the Response to demonstrate Archibeque's continuing misconduct. (*Id.* at 7.)

I agree with Officer Harvey that alternative, lesser sanctions are not likely to effectively vindicate the Court's interest in maintaining order and authority and Officer Harvey's interest in receiving full disclosure for a fair trial. Archibeque offers no support for his statement that he will not violate the rules again; possibly, because trial is so near and because discovery has closed, he will have little opportunity to violate the rules in this case in the future. However, the sanctions serve the purpose not only of specific deterrence, but also of general deterrence as well as compensating the offended party, which in this case includes both Officer Harvey and the Court. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (per curium); *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990) (discussing the purposes of Rule 11 sanctions). Thus, not all

purposes of sanctions are satisfied by the fact that the upcoming trial in this case will eliminate Archibeque's ability to further violate the rules.

A motion to strike the four undisclosed witnesses is currently pending, which could eliminate part of the prejudice suffered by Officer Harvey due to Archibeque's failure to respond to discovery. However, given that Archibeque's late disclosed expert witness was already excluded as a sanction for discovery violations, it is unlikely that such a sanction would encourage future compliance. Moreover, striking the witnesses will not remedy all of the prejudice incurred, even with regard to these witnesses, because Officer Harvey was denied the opportunity to depose these witnesses and to determine any possible defenses on the issue of damages based on their testimony. Sanctions against Mr. Vigil himself could help to vindicate the authority of the court and deter him from misconduct in the future. However, monetary sanctions have already been attempted and have not resulted in full compliance with discovery obligations or court orders. Thus, it is unlikely that individual sanctions would sufficiently deter or appropriately vindicate the court's interests. On these bases, I conclude that alternative, lesser sanctions would not be effective.

6. *Other Cases*:

Archibeque attempts to distinguish this case from gross misconduct that has warranted dismissal in other cases, such as affirmative lies during a deposition and perjury at trial that warranted dismissal in *Chavez*, 402 F.3d 1039, and *Archibeque*, 70 F.3d 1172. Instead, he likens the misconduct in this case on that in *Maurer-Neuer, Inc. v. United Packinghouse Workers*, 26 F.R.D. 139 (D. Kan. 1960), where the plaintiff failed to respond to interrogatories within the time permitted by Federal Rule of Civil Procedure 33.

While I agree that the misconduct here does not rise to the level of that in *Chavez* and *Archibeque*, it was also not innocuous like the misconduct in *Maurer-Nuerer, Inc.* In that case, the

court denied the motion to dismiss simply on the basis that the defendants never filed a motion to compel a discovery response with the court. *Id.* at 140. Here, Archibeque failed to provide discovery responses even after being court-ordered to do so. This case instead shares far more commonalities with *Lee v. Max Intern., LLC*, 638 F.3d 1318 (10th Cir. 2011). In that case, the Tenth Circuit upheld the district court's dismissal of a case under Rule 37 where the plaintiff did not make good on a discovery obligation after three chances to do so. *Id.* at 1319. There, unlike here, the litigant had disobeyed two court orders compelling the discovery responses but stated that he had produced the requested documents. *Id.* at 1319-20. That was the sole misconduct at issue. *Id.* Here, Archibeque has failed to comply with one order compelling discovery response, other court orders and the Rules of Civil Procedure.

In sum, each *Ehrenhaus* factor weighs against Archibeque and in favor of dismissal. Other cases with similar factual circumstances have also been dismissed. *See id.* Therefore, I conclude that the dismissal with prejudice of the claim against Officer Harvey is warranted as a sanction for Archibeque's many transgressions during this litigation.

**RECOMMENDATION**

Accordingly, I recommend that Officer Harvey's Motion to Dismiss (Doc. 112) be granted, that Archibeque's remaining claim against Officer Harvey be dismissed with prejudice, and that Officer Harvey be terminated as a Defendant in this action.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge